USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/24/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND W. ACCOLLA,

                Petitioner,

v.

UNITED STATES OF AMERICA.

                Respondent.

08 Civ. 3223 (RO)

**ORDER**

OWEN, District Judge:

*Pro se* Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. (the "Petition.") Petitioner was charged on October 21, 2003 with the following three counts: 1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951; 2) Hobbs Act robbery; and 3) using, carrying, or brandishing a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and (2). A Superseding Felony Information ("Information") charged Petitioner with conspiracy to commit bank fraud, in violation of 18 U.S.C. § 371. On November 3, 2003, Petitioner pled guilty to Count Two and Three of the Indictment and Count One of the Information, and was sentenced by Judge Stephen C. Robinson in the United States District Court for the Southern District of New York, White Plains, to 174 months imprisonment on March 25, 2005.

Petitioner seeks habeas relief on the grounds that both his initial attorney, Michael Keesee, and his subsequent attorney, Randy Steinhauser, provided ineffective assistance, and on the grounds that the evidence is insufficient to establish that Petitioner used, carried, or brandished a firearm on any victim.

1

On August 2, 2010, Magistrate Judge Lisa Margaret Smith filed a Report and Recommendation (the "Report") in which she recommended that the Petition be denied. Petitioner filed a timely objection to the Report on August 9, 2010, which was opposed by Respondent on August 17, 2010. Petitioner filed a reply on August 21, 2010. This case was transferred to this Court on August 26, 2010. For the reasons set forth below, this Court concurs with the Report and Recommendation and adopts it, in its entirety.

**STANDARD OF REVIEW**

United States Magistrate Judges hear dispositive motions and make proposed findings of fact and recommendations, generally in the form of a Report and Recommendation. District courts review those orders under a clearly erroneous or contrary to law standard of review. 28 U.S.C. § 636(b)(1)(A).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no timely objection has been made by either party, a district court need only find that "there is no clear error on the face of the record" in order to accept the Report and Recommendation. *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted).

A party may file "specific written objections," Fed R. Civ. P. 72(b), to a Magistrate Judge's proposed findings and recommendations, and in that case, the district court has an obligation to make a *de novo* determination as to those portions of the Report and Recommendation to which objections were made. 28 U.S.C. § 636(b)(1). A district court judge, in making a *de novo* determination, is afforded discretion in the weight placed on proposed

2

findings and recommendations. *See United States v. Raddatz,* 447 U.S. 667, 676 (1980). In its sound discretion, a district court may afford a degree of deference to the Report and Recommendation. Objections to a Report and Recommendation are to be "specific and are to address only those portions of the proposed findings to which the party objects." *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992). In the event a party's objections are conclusory or general, or simply reiterate original arguments, the district court reviews the Report and Recommendation for clear error.

This standard of review must be applied while remaining cognizant of the court's obligation to construe a pro se litigant's submissions liberally in the light that they raise the strongest possible arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474-75 (2d Cir. 2006)(citations omitted).

**DISCUSSION**

The facts and procedural history of Petitioner's underlying criminal case and subsequent plea and sentencing are provided in detail in Respondent's Memorandum in Opposition, and the relevant facts are set forth in the Report and Recommendation and will not be repeated here.

Petitioner's Claims that he was Provided Ineffective Assistance of Counsel

The Report recommends that Petitioner's claims of ineffective assistance of counsel should be dismissed. The Report finds that Petitioner's claims that attorney Michael Kessee did not provide effective assistance does not pass the Strickland test, *See Strickland v. Washington,* 466 U.S. 668 (1994), and that Petitioner has provided no evidence, beyond his own unsubstantiated statements, to demonstrate that Keesee's performance was ineffective or in any

3

way prejudiced Petitioner. Petitioner further fails to demonstrate with any reasonable probability that his sentence would have been lower were it not for the alleged ineffective performance of Keessee.

The Report also finds that Petitioner has failed to satisfy the *Strickland* test with regard to the performance of attorney Randy Steinhauser. As the Report explains, Steinhauser made strategic decisions, in light of Petitioner's age, health, and other factors, and in light of the anticipated Supreme Court ruling in *United States v. Booker*, 543 U.S. 220 (2005), to argue that Petitioner should be sentenced below the stipulated guidelines range.

Petitioner's objections fail to specifically address Judge Smith's findings in the Report and Recommendation, but are instead fraught with unsubstantiated claims of "collusion" and "conspiracy," and vague claims of "deficient" representation.[1] Accordingly, Petitioner's claims that he was provided ineffective assistance of counsel are dismissed.

Petitioner's Claim that the Evidence was Insufficient to Establish his Guilt on the Firearm Charge

The Report and Recommendation finds that Petitioner's claim has been procedurally defaulted because he failed to raise this issue on appeal. Petitioner has not submitted any evidence on this issue nor has he attempted to explain his failure to raise this issue on appeal. The Court concurs with the Report, and finds that Petitioner's claim that the evidence was

---

[1] Petitioner also claims, in his objection to the Report and Recommendation and again in reply to Respondent's opposition to his objections, that the Second Circuit Court of Appeals dismissed Petitioner's Appeal because Petitioner's court-appointed attorney Malvina Nathanson allegedly failed to appear for oral argument. In its opposition to Petitioner's Objections, Respondent claims that Petitioner's argument fails because 1) the appeal was dismissed "without prejudice"; 2) the proper avenue for Petitioner's claims was a petition filed under 28 U.S.C. § 2255; 3) Petitioner has not alleged that his representation was deficient; and that 4) Courts of Appeals often forego oral argument, deciding cases on written briefs alone. This Court agrees, and finds that Petitioner's claim with regard to his representation by attorney Nathanson is without merit.

4

insufficient to establish his guilt on the firearm charge is procedurally barred, and must be dismissed.

## CONCLUSION

For the reasons explained above, the Court concurs with the Report and Recommendation of Judge Smith, and hereby adopts it, in its entirety, as the Order of this Court. Accordingly, the petition is hereby DISMISSED.

Additionally, as Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). This Court further finds that an appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

March 23, 2011

                                              RICHARD OWEN
                                              UNITED STATES DISTRICT JUDGE